ROBINS KAPLAN LLP
Breton A. Bocchieri, Bar No. 119459
BBocchieri@RobinsKaplan.com
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:  310.552.0130
Facsimile:   310.229.5800

Attorneys for Plaintiff,
Luxe Hospitality Company, LLC

LOEB & LOEB LLP
David Grossman, Bar No. 211326
dgrossman@loeb.com
Melanie Howard, Bar No. 218895
mhoward@loeb.com
10100 Santa Monica Blvd., Suite 2200
Los Angeles, CA 90067-4120
Telephone: 310.282.2000
Facsimile: 310.282.2200

Attorneys for Defendant,
Preferred Hotel Group, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUXE HOSPITALITY COMPANY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>PREFERRED HOTEL GROUP, INC.,<br><br>Defendant. | Case No.  8:16-cv-00110-JAK (JPRx)<br><br>Hon. John A. Kronstadt<br><br>**STIPULATED PROTECTIVE ORDER** |

# STIPULATED PROTECTIVE ORDER

This Stipulation is made and entered into by and between Luxe Hospitality Company, LLC ("Luxe"), and Preferred Hotel Group, Inc. ("Preferred"), by and through their respective counsel of record, with reference to the following:

WHEREAS, Luxe and Preferred (the "parties") anticipate that discovery in the above-entitled proceeding may involve production or disclosure of documents and information that one or more parties contend contain confidential, private, or proprietary business information;

WHEREAS, the parties desire to preserve the confidentiality of the aforementioned documents, information, or other materials, and at the same time allow for appropriate discovery to take place in this proceeding;

NOW, THEREFORE, the parties hereby stipulate, by and through their respective counsel of record, to the following:

## 1. PURPOSE AND LIMITS OF THIS ORDER

Discovery in this action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than this litigation. Thus, the Court enters this Protective Order. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles. This Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with L.R. 79-5 if they seek to file anything under seal. This Order does not govern the use at trial of material designated under this Order.

## 2. DESIGNATING PROTECTED MATERIAL

2.1 **Over-Designation Prohibited.** Any party or non-party who designates information or items for protection under this Order as "CONFIDENTIAL," or

"HIGHLY CONFIDENTIAL -ATTORNEY EYES ONLY" (a "designator") must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written communications that require protection shall be designated. Designations with a higher confidentiality level when a lower level would suffice are prohibited. Mass, indiscriminate, or routinized designations are prohibited. Designation under this Order is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy interest. If a designator learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that designator must promptly notify all parties that it is withdrawing the mistaken designation.

2.2 **Manner and Timing of Designations.** Designation under this Order requires the designator to affix the applicable legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY") to each page that contains protected material. For testimony given in deposition or other proceeding, the designator shall specify all protected testimony and the level of protection being asserted. It may make that designation during the deposition or proceeding, or may invoke, on the record or by written notice to all parties on or before the next business day, a right to have up to 21 days from the deposition or proceeding to make its designation.

2.2.1 A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as HIGHLY CONFIDENTIAL -ATTORNEY EYES ONLY. After the inspecting

party has identified the documents it wants copied and produced, the producing party must designate the documents, or portions thereof, that qualify for protection under this Order.

    2.2.2  Parties shall give advance notice if they expect a deposition or other proceeding to include HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY material so that the other parties can ensure that only authorized individuals are present at those proceedings when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated, and the level of protection being asserted. The designator shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

  2.3  **Inadvertent Failures to Designate.** An inadvertent failure to designate does not, standing alone, waive protection under this Order. Upon timely assertion or correction of a designation, all recipients bound by this protective order must make reasonable efforts to ensure that the material is treated according to this Order.

**3.  CHALLENGING CONFIDENTIALITY DESIGNATIONS**

  All challenges to confidentiality designations shall proceed under L.R. 3 7-1 through L.R. 37-4.

**4.  ACCESS TO DESIGNATED MATERIAL**

  4.1  **Basic Principles.** A receiving party may use designated material only for this litigation. Designated material may be disclosed only to the categories of

- 3 -

61265037.1

STIPULATED PROTECTIVE ORDER
CASE NO. 8:16-CV-00110

persons and under the conditions described in this Order.

4.2 **Disclosure of CONFIDENTIAL Material Without Further Approval.** Unless otherwise ordered by the Court or permitted in writing by the designator, a receiving party may disclose any material designated CONFIDENTIAL only to:

    4.2.1 The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom disclosure is reasonably necessary;

    4.2.2 The officers, directors, and employees of the receiving party to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    4.2.3 Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    4.2.4 The Court and its personnel;

    4.2.5 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A);

    4.2.6 During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A); and

    4.2.7 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information.

4.3 **Disclosure of HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY Material Without Further Approval.** Unless permitted in writing by the designator, a receiving party may disclose material designated HIGHLY CONFIDENTIAL -ATTORNEY EYES ONLY without further approval only to:

    4.3.1 The receiving party's outside counsel of record in this action and employees of outside counsel of record to whom it is reasonably necessary to disclose the information;

4.3.2 The Court and its personnel;

4.3.3 Outside court reporters and their staff, professional jury or trial consultants, and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A); and

4.3.4 The author or recipient of a document containing the material, or a custodian or other person who otherwise possessed or knew the information;

4.3.5 Experts retained by the receiving party's outside counsel of record to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A).

4.4 **Procedures for Approving or Objecting to Disclosure of HIGHLY CONFIDENTIAL -ATTORNEY EYES ONLY Material to In-House Counsel.** Unless agreed to in writing by the designator:

4.4.1 A party seeking to disclose to in-house counsel any material designated HIGHLY CONFIDENTIAL - ATTORNEY EYES ONLY must first make a written request to the designator providing the full name of the in-house counsel, the city and state of such counsel's residence, and such counsel's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine present or potential involvement in any competitive decision-making.

4.4.2 A party that makes a request and provides the information specified in paragraphs 4.4.1 may disclose the designated material to the identified in-house counsel unless, within seven days of delivering the request, the party receives a written objection from the designator providing detailed grounds for the objection.

4.4.3 All challenges to objections from the designator shall proceed under L.R. 37-1 through L.R. 37-4.

/ / /

/ / /

## 5. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

5.1 **Subpoenas and Court Orders.** This Order in no way excuses noncompliance with a lawful subpoena or court order. The purpose of the duties described in this section is to alert the interested parties to the existence of this Order and to give the designator an opportunity to protect its confidentiality interests in the court where the subpoena or order issued.

5.2 **Notification Requirement.** If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEY EYES ONLY, that party must:

5.2.1 Promptly notify the designator in writing. Such notification shall include a copy of the subpoena or court order;

5.2.2 Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

5.2.3 Cooperate with all reasonable procedures sought by the designator whose material may be affected.

5.3 **Wait For Resolution of Protective Order.** If the designator timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as CONFIDENTIAL or HIGHLY CONFIDENTIAL -ATTORNEY EYES ONLY before a determination by the court where the subpoena or order issued, unless the party has obtained the designator's permission or a court so orders. The designator shall bear the burden and expense of seeking protection of its confidential material in that court.

/ / /

/ / /

**6.** <u>**UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL**</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, it must immediately (1) notify in writing the designator of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

**7.** <u>**INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**</u>

When a producing party gives notice that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and 26(e).

**8.** <u>**FILING UNDER SEAL**</u>

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material. A party seeking to file under seal any designated material must comply with L.R. 79-5. Filings may be made under seal only pursuant to a court order authorizing the sealing of the specific material at issue. The fact that a document has been designated under this Order is insufficient to justify filing under seal. Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal. Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential. If a receiving party's request to file designated material under seal pursuant to L.R. 79-5 .1 is denied by the Court, then

1  the receiving party may file the material in the public record unless (1) the
2  designator seeks reconsideration within four days of the denial, or (2) as otherwise
3  instructed by the Court.

4  **9.    FINAL DISPOSITION**

5  Within 60 days after the final disposition of this action, each party shall return
6  all designated material to the designator or destroy such material, including all
7  copies, abstracts, compilations, summaries, and any other format reproducing or
8  capturing any designated material. The receiving party must submit a written
9  certification to the designator by the 60-day deadline that (1) identifies (by
10 category, where appropriate) all the designated material that was returned or
11 destroyed, and (2) affirms that the receiving party has not retained any copies,
12 abstracts, compilations, summaries, or any other format reproducing or capturing
13 any of the designated material. This provision shall not prevent counsel from
14 retaining an archival copy of all pleadings, motion papers, trial, deposition, and
15 hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,
16 expert reports, attorney work product, and consultant and expert work product, even
17 if such materials contain designated material. Any such archival copies remain
18 subject to this Order.

Dated: March 16, 2017            Respectfully submitted,

**ROBINS KAPLAN LLP**

By:  */s/ Breton Bocchieri*
     Breton Bocchieri

**ATTORNEY FOR PLAINTIFF
LUXE HOSPITALITY COMPANY, LLC**

Dated: March 16, 2017            **LOEB & LOEB LLP**

By  */s/ David A. Grossman*
    David A. Grossman

**ATTORNEY FOR DEFENDANT
PREFERRED HOTEL GROUP, INC**.

# SIGNATURE ATTESTATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from each of the other signatories hereto.

Dated: March 16, 2017          By: */s/ Breton Bocchieri*
                                    Breton Bocchieri

**ATTORNEY FOR DEFENDANT PREFERRED HOTEL GROUP, INC.**

Based on the stipulation of the parties and for good cause shown, IT IS SO ORDERED.

Dated: March 16, 2017          _____
                                Hon. Jean P. Rosenbluth
                                U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury under the laws of the United States that:

1. My present employer is _____.

2. My present occupation or job description is _____ _____ _____ _____.

3. I HEREBY CERTIFY AND AGREE that I am about to receive Confidential Materials in connection with the federal civil case entitled, *Luxe Hospitality Company, LLC v. Preferred Hotel Group, Inc.*, United States District Court for the Central District of California, Case No. 8:16-CV-00110-JAK (JPRx).

4. I understand that these Confidential Materials are being provided to me subject to the terms and restrictions of the Protective Order that has been entered in this case. I have been given a copy of the Protective Order, I have read it, I understand it and I agree to be bound by its terms.

5. I understand that Confidential Materials, as defined in the Protective Order, include any notes, summaries, abstracts, or reports made from any such Confidential Materials. I further understand that all Confidential Materials I receive or may generate shall not be disclosed to anyone except as expressly permitted by the Protective Order. I will copy or use any Confidential Materials received pursuant to the Protective Order only for purposes relating to this case, and only as permitted by the terms of the Protective Order, unless otherwise ordered by the Court.

6. I further understand that I am to maintain all copies of all Confidential Materials received or generated by me in the case in a secure manner, and that all copies of such Materials are to remain in my personal custody until termination of

my participation in this case, whereupon the copies of such Materials will be returned to counsel who provided them to me or destroyed in accordance with the terms of the Protective Order.

Executed this___ day of ____ 201_, at _____.

BY: _____      _____
    Signature                  Street Address

    _____      _____
    Title                      City, State, Zip Code

                               _____
                               Telephone Number

                               _____
                               Email Address